# IN THE COURT OF APPEALS OF IOWA

No. 20-0364
Filed September 22, 2021


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERIC JOSEPH RYAN,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Washington County, Daniel Kitchen,

District Associate Judge.


        The defendant appeals his convictions for two counts of indecent contact

with a child by raising ineffective assistance of counsel.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant

Attorney General, for appellee.


        Considered by Tabor, P.J., and Greer and Badding, JJ.

**GREER, Judge.**

After a jury convicted Eric Ryan of two counts of indecent contact with a child, he appeals. But, his appeal focuses only on his trial counsel's alleged ineffective assistance.[1] As judgment was not entered in Ryan's case until February 2020, this court has no authority to decide a claim of ineffective assistance of counsel on direct appeal. *See* Iowa Code § 814.7 (2020); *State v. Tucker*, 959 N.W.2d 140, 154 (Iowa 2021). While Ryan raises reasons we should still review his claims, none win the day.[2] Accordingly, we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (e).

**AFFIRMED.**

---

[1] The ineffective-assistance claims involve allegations trial counsel (1) did not object to comments made by the State during closing and opening, (2) failed to move for mistrial when the jury observed the witnesses crying and refusing to enter the courtroom, and (3) failed to strike the comments of law enforcement that children do not lie about sexual abuse.

[2] Ryan argues Iowa Code section 814.7 violates the Equal Protection clause, denies him due process and the right to effective counsel on appeal, and improperly restricts the role of the appellate courts. *See State v. Treptow,* 960 N.W.2d 98, 104-08 (Iowa 2021) (finding unsuccessful the appellant's challenges to 814.7 on separation-of-powers, equal protection, right to effective assistance of counsel on direct appeal, and due process grounds).